# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN FINCH, JR. and MARK TOIGO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-01508 |
| | ) | |
| MARIO TRETO, JR., in his official capacity as Acting Secretary of the Illinois Department of Financial and Professional Regulation, | ) ) ) ) ) | **Injunctive Relief Sought**<br><br>**Expedited Consideration Requested** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' EMERGENCY MOTION FOR
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1.  Plaintiffs hereby move this Court under Federal Rule of Civil Procedure 65 for a temporary restraining order and, after further proceedings, a preliminary injunction. Plaintiffs seek an order restraining Defendant and his respective agents from issuing adult-use cannabis dispensary licenses that arose from an unconstitutional process. Plaintiffs also request an order enjoining the unconstitutional residency requirement under Illinois law that bars them from owning dispensary licenses in Illinois's market for recreational cannabis.

2.  As explained more fully in the accompanying Memorandum, the State used an unconstitutional process to allocate 185 "conditional" cannabis dispensary licenses. During that process, the State barred Plaintiffs from participating due solely to their out-of-state residency, in violation of the dormant Commerce Clause. Governor Pritzker also announced just last week that the State will hold another lottery for 55 conditional dispensary licenses under a substantially similar process,

precluding Plaintiffs from participating yet again. Absent an injunction, Plaintiffs will suffer irreparable harm because, among other reasons, ***after Wednesday, March 23, 2022***, their opportunity to obtain a cannabis dispensary license significantly diminishes.

3. On that date, it has been recently and publicly reported, state-court litigation over the licenses could reach a final resolution, permitting Defendant to issue 185 conditional cannabis licenses that are currently under a court-ordered stay. Expedited consideration of this motion is therefore necessary.

4. ***Plaintiffs therefore respectfully request an order from this Court before 8:00 am CST on Thursday, March 24, 2022, or at this Court's earliest opportunity*** that (1) enjoins Defendant from issuing any of the 185 pending "Conditional Adult Use Dispensing Organization Licenses" that were allocated under an unconstitutional process in 2021, and (2) enjoins Defendant from enforcing the Illinois residency requirements in 410 ILCS 705/1-10, 15-30(c)(5), and (c)(8), or any other future residency requirements under 410 ILCS 705 *et seq.* that would bar Plaintiffs from owning dispensary licenses in Illinois's market for recreational cannabis.

5. Under Federal Rule of Civil Procedure 65(b)(1)(B), "the movant[s'] attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required."

6. Plaintiffs filed their complaint today. Immediately afterwards, undersigned counsel sent the complaint to Defendant. At approximately 5:00 p.m.

this evening, undersigned counsel met and conferred with counsel for Defendant via telephone regarding this case, and a prospective briefing schedule. Undersigned counsel agreed to send counsel for Defendant all filings regarding this emergency motion.

7. A temporary restraining order is appropriate here because, at any moment after today, the state court could release a stay on the 185 conditional licenses that the Department of Financial and Professional Regulation had allotted from the 2021 lotteries. In particular, the Honorable Celia G. Gamrath of the Circuit Court of Cook County will hold a status conference regarding the 185 conditional licenses at 8:00 am on March 24, 2022, at which, it has been recently and publicly reported, those conditional licenses could be released from their pending stay. *See* Declaration of John Adams, ¶ 3, Ex. 2 ¶ 6; Mem. at Background II (explaining state-court litigation). When that happens, the Department could then immediately issue the conditional licenses to the lottery winners. Plaintiffs are not parties to any state-court litigation for the conditional licenses. So, they have no say on when the state court could release those licenses to the Department for Defendant to then immediately issue.

8. This Court should therefore maintain the status quo because, as explained in more detail in the accompanying Memorandum, Plaintiffs have a high likelihood of success on the merits, and they will suffer irreparable harm absent an injunction.

Dated: March 23, 2022

        Respectfully submitted,

        By: /s/ John Adams

        JOHN K. ADAMS
          *Lead Counsel*
        DANIEL D. BIRK
        JOHN D. TRIPOLI
        EIMER STAHL LLP
        224 South Michigan Ave.
        Suite 1100
        Chicago, IL 60604
        (312) 660-7600
        jadams@eimerstahl.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVCE

I hereby certify that on March 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

I further certify that on the same date, I also served the (1) **Complaint** (ECF No. 1), (2) the foregoing **Emergency Motion for Temporary Restraining Order and Preliminary Injunction**, (3) the **Memorandum in Support of Emergency Motion for Temporary Restraining Order or Preliminary Injunction**, and (4) the **Proposed Order** by email on counsel for Defendant, at Richard.rees@ilag.gov and sunil.bhave@ilag.gov, and by certified U.S. Mail on Mario Treto, Jr., Acting Secretary of the Illinois Department of Financial and Professional Regulation, at 555 W. Monroe Street, 5th Floor, Chicago, IL 60661.

Dated: March 23, 2022

By:   /s/ John Adams
       John K. Adams