**Exhibit 1**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| WAH GROUP LLC d/b/a LEAFING LIFE DISPENSARY and HAAAYY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*,<br><br>Defendants. | Case No. 20 CH 5759<br><br>Judge Moshe Jacobius |
| HEMPATHY, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*,<br><br>Defendants. | Case No. 2021-CH-3736 |
| GREEN EQUITY VENTURES 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*,<br><br>Defendants. | Case No. 2021-L-50414 |
| HIGH HAVEN DISPENSARY, LLC<br><br>Plaintiffs,<br><br>v. | Case No. 2021-CH-3730 |

| | |
|---|---|
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, <br><br> Defendants. | |
| MAGIC SPARKS, LLC <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, <br><br> Defendants. | Case No. 2021-MR-936 (DuPage County Case) |
| ALL GOOD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, <br><br> Defendants. | Case No. 2021-CH-4410 |
| WELL-BEING HOLISTIC GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, <br><br> Defendants. | Case No. 2021-CH-4932 |
| HALL OF FLAME, LLC, <br><br> Plaintiff, | |

2

|  |  |
|---|---|
| v. | Case No. 2021-CH-5113 |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, | |
| Defendants. | |
| PIFF PATCH, INC., | |
| Plaintiff, | |
| v. | Case No. 2021-CH-5146 |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, | |
| Defendants. | |
| LITTLE FISH, LLC, | |
| Plaintiff, | |
| v. | Case No. 2021-CH-5172 |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, | |
| Defendants. | |
| HMS PARTNERS, LLC, | |
| Plaintiff, | |
| v. | Case No. 2021-CH-5174 |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, | |
| Defendants. | |
| FMA ILLINOIS 1, LLC, *et al.*, | |

|                                     |                        |
| ----------------------------------- | ---------------------- |
| Plaintiffs,                         |                        |
| v.                                  | Case No. 2021-CH-5180  |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, |  |
| Defendants.                         |                        |
| RQI INVESTMENTS,                    |                        |
| Plaintiff,                          |                        |
| v.                                  | Case No. 2021-CH-5201  |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, |  |
| Defendants.                         |                        |
| QUREBLISS, LLC                      |                        |
| Plaintiff,                          |                        |
| v.                                  | Case No. 2021-CH-5203  |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, *et al.*, |  |
| Defendants.                         |                        |

## ORDER

This matter comes before the Court on the Motion to Consolidate and Reassign to Calendar 6, Judge Gamrath ("Motion to Consolidate"), filed by Defendants Illinois Department of Financial and Professional Regulation (the "Department" or "IDFPR") and its Deputy Director of the Cannabis Control Section, Bret Bender ("Bender") (collectively, the "State Defendants"). HAAAYY, LLC ("HAAAYY"); WAH Group, LLC d/b/a Leafing Life Dispensary ("WAH

Group"); and Well-Being Holistic Group, LLC ("Well-Being Holistic Group") each filed individual objections to the Motion to Consolidate. Plaintiffs Green Equity Ventures 1, LLC; Magic Sparks, LLC; Hempathy, LLC; Truerb, LLC; Leafsie, LLC; and Piff Patch, Inc. filed a combined objection to the State Defendants' Motion to Consolidate (collectively the "Green Equity Ventures Plaintiffs"). EHR Holdings, LLC; Well-Being Holistic Group, LLC; All Good, LLC; Little Fish, LLC; HMS Partners, LLC; RQI Investments, LLC; Qurebliss, LLC; RCann, LLC; ICannCo, LLC; GU Cann, LLC; Golden Leaf, LLC; C9 Partners, LLC; Herbal Releaf, LLC; VHEA, LLC; and Royal Highness, LLC filed a Memorandum in Opposition to the State Defendants' Motion to Consolidate and Reassign to Calendar 6, Judge Gamrath and Counter Motion to Consolidate and Join Related Cases before Judge Jacobius (collectively "Certain Plaintiffs Combined Memorandum").

First, the Court must address whether these cases should be consolidated before determining what calendar these cases should be assigned. On October 18, 2021, the Illinois Supreme Court entered an order consolidating five cases pursuant to Illinois Supreme Court Rule 384. The rule states:

> **(a) Motion to Consolidate—Transfer.** When civil actions involving one or more common questions of fact or law are pending in different judicial circuits, and the Supreme Court determines that consolidation would serve the convenience of the parties and witnesses and would promote the just and efficient conduct of such actions, the Supreme Court may, on its own motion or on the motion of any party filed with the Supreme Court, transfer all such actions to one judicial circuit for consolidated pretrial, trial, or post-trial proceedings.

Ill. Sup. Ct. R. 384. The five cases already consolidated are:

- *High Haven Dispensary, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-03730 (current assignment is Calendar 6, Hon. Celia Gamrath);
- *Magic Sparks, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., (DuPage Case No. 2021-MR-000936) (judicial assignment to be determined once transferred to Cook County);

5

- *Green Equity Ventures 1, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-L-050414 (judicial assignment to be determined, transferred to the Chancery Division on November 16, 2021);
- *Hempathy, LLC, et al. v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-03637 (current assignment is Calendar 2, Hon. Raymond W. Mitchell); and
- *WAH Group, LLC and HAAAYY, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2020-CH-05759 (current assignment is Calendar 12, Hon. Moshe Jacobius).

However, the State Defendants' Motion to Consolidate seeks to consolidate additional cases with the five previously consolidated cases:

- *Well Being Holistic Group, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-4932 (current assignment is Calendar 14 Hon. Sophia H. Hall);
- *Hall of Flame, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-5113 (current assignment is Calendar 11, Hon. Pamela McLean Meyerson);
- *Piff Patch, Inc. v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-5146 (current assignment is Calendar 13, Hon. Anna H. Demacopoulos);
- *All Good, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-4410 (current assignment is Calendar 6, Hon. Celia Gamrath);
- *Little Fish, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-5172 (current assignment is Calendar 8, Hon. Michael T. Mullen);
- *HMS Partners, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-5174 (current assignment is Calendar 6, Hon. Celia Gamrath);
- *RQI Investments v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-5201 (current assignment is Calendar 9, Hon. Cecilia A. Horan);
- *Qurebliss, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-5203 (current assignment is Calendar 14, Hon. Sophia H. Hall); and
- *FMA Illinois 1, LLC, et al. v. Illinois Dep't of Fin. & Prof'l Regul.*, et al., 2021-CH-5180 (current assignment is Calendar 3, Hon. Allen P. Walker).

All the above cases center on the re-holding of all lotteries or some of the three lotteries. Each Complaint seeks administrative review of the State Defendants' scoring of the applications to *entirely* re-do the lottery. While *some* may argue the veterans' point is violative of constitutional protections, all of the cases seek the same type of relief: re-hold the lotteries due to scoring errors. All of the administrative review claims seek to rectify the scoring discrepancies and or biases resulting in certain scores given to certain parties for various reasons. Thus, the Court finds ample common issues of fact and law to consolidate these claims for administrative review regarding

application scores to result in "an aid to convenience, [] done without prejudice to a substantial right." 735 ILCS 5/2-1006 (LexisNexis 2021).

Only one party objects to consolidation of these cases, Well-Being Holistic Group in 2021-CH-4932. (Well-Being Holistic Group, LLC's Response in Opposition to Motion to Consolisdate [*sic*] Cases on Cal 6 and Motion to Transfer – Related Case to Cal 12.)[1] Well-Being Holistic Group argues it raises *additional* claims outside of the administrative review count, count III, namely its *ultra vivres* count I and declaratory judgment and injunction count II. Well-Being Holistic Group argues the matter should not be consolidated as it is not on all fours with the other cases; therefore, it will suffer prejudice if consolidated with the rest of the cases.

The Court is not persuaded. Well-Being Holistic Group argues "consolidating this action with the other actions would deprive Well-Being Holistic of the ability assert its distinct claims," thus, it should be "transferred as related" to "retain its separate identity." (Well-Being Holistic Group's Response). This assertion belies the three different types of consolidation Well-Being Holistic Group discusses in its own motion. (*Cf. id.* pp. 3–4 *with* pp. 4–5.) Indeed, three types of consolidation are recognized in Illinois, including allowing cases to retain their individual numbers and identities despite being designated as consolidated. See *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 22; *Kassnel v. Rosemont*, 135 Ill. App. 3d 361, 364–65 (1st Dist. 1985); see also *U.S. Bank N.A. v. Scialabba*, 2021 IL App (3d) 200269-U, ¶¶ 29–30). Based on the well-established case law finding three types of consolidation, the Court holds all the cases mentioned

---

[1] To the extent any party's argument against reassignment to Calendar 6 involves *Big City Ventures, LLC, et al. v. Illinois Dep't of Prof'l & Fin. Regul.,* et al. (2021-CH-03921), the Court finds this argument not relevant to the pending motion. Judge Gamrath granted a substitution of judge as of right in the *Big City Ventures* case, which is now pending on Calendar 15, before Judge Anna M. Loftus. The Court will not address the issue when the motion does not include the *Big City Ventures* matter and the Plaintiffs in 2021-CH-03921 did not submit a brief.

above overlap in fact and law as to warrant consolidation. Well-Being Holistic Group has not raised any argument to exempt its case from being consolidated with the rest.

The Court must next turn to which *calendar*[2] these cases should pend. The State Defendants argue the "first in time" complaint conferring jurisdiction over the Administrative Review claims common to all of these matters was the September 9, 2021 Complaint in *High Haven, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, 2021-CH-3730. Plaintiffs, meanwhile, all argue the cases should be consolidated with the lowest numbered case on the docket pursuant to General Order of the Circuit Court of Cook County 3.1,1.6, which states consolidated cases "shall be assigned to the calendar to which the case with the lowest docket number was assigned." Cir. Ct. Gen. Or. 3.1,1.6 (amended, effective Jun. 2, 1980.) The lowest numbered case in the State Defendants' Motion to Consolidate is *WAH Group, LLC d/b/a Leafing Life Dispensary and HAAAYY, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, 2020-CH-05759, currently assigned to Calendar 12, Hon. Moshe Jacobius. The Court notes it is only hearing the Motion to Consolidate in its capacity as the Presiding Judge as dictated by General Order 3.1,1.6. The Court is not making any determinations on the merits, including jurisdiction.

However, the Court has come to realize a separate issue with *WAH Group, LLC d/b/a Leafing Life Dispensary and HAAAYY, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, 2020-CH-05759. The issue is determinative of where the cases should pend without any determination on the merits regarding jurisdiction. Originally WAH Group and HAAAYY filed 2020-CH-5759 under a single, joint complaint. The parties filed joint complaints by amendment until late this year. On September 22, 2021, WAH Group and HAAAYY filed individual, separate complaints,

---

[2] The Court notes each case is assigned a *calendar* where the case will pend. Cases are assigned a calendar number and stay on the assigned calendar unless any reassignment order is entered for whatever reason. The Court wishes to emphasize this point as there was considerable discussion regarding what *judge* should hear these matters when the issue is what *calendar* these matters should be assigned to.

raising distinct, separate, and divergent claims from one another. Indeed, this unusual posture puts the Court into a procedural conundrum: which case, or more accurately complaint, is actually the *first* filed invoking proper jurisdiction under the Administrative Review Law. The Court notes the previous non-administrative review claims at issue in *WAH Group, LLC d/b/a Leafing Life Dispensary and HAAAYY, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, 2020-CH-05759 are vastly different from the separate, amended claims in WAH Group's and HAAAYY's operative complaints.

Over the past year, the allegations changed with WAH Group abandoning any claims related to veterans' status points. Despite both having administrative review counts, WAH Group and HAAAYY allege very different claims and seek very different relief under the same cause of action. WAH Group disputes the number of entries it received in the lotteries while HAAAYY argues the veterans' points were improperly applied by the State Defendants to make veterans' points mandatory instead of optional. *Cf.* WAH Group, LLC d/b/a Leafing Life Dispensary's Fourth Amended Complaint ("WAH Group's Complaint") *with* HAAAYY, LLC's Verified Third Amended Complaint for Judicial Review ("HAAAYY's Complaint"). Further, like the other litigants, HAAAYY seeks to re-do the Tied Applicant Lottery whereas WAH Group, LLC d/b/a Leafing Life Dispensary only seeks to re-hold the Qualified Applicant Lottery in *one* region.

The Court must acknowledge, regardless of how the jurisdictional issue is ultimately resolved, WAH Group's Complaint and HAAAYY's Complaint are now two *separate* cases under one case number. The Complaints filed by WAH Group and HAAAYY no longer overlap in facts or law. It is clear the two different complaints no longer sufficiently relate to one another. The Court is left with the conclusion based on the arguments before it and the unique procedural posture of Case No. 2020-CH-05759, the best way to proceed is to sever one of the complaints filed: WAH

9

Group's Complaint or HAAYY's Complaint. The question is which one should be severed?[3] Like consolidation, severance is also governed by whether it is "an aid to convenience, whenever it can be done without prejudice to a substantial right." 735 ILCS 5/2-1006 (LexisNexis 2021). Trial courts have broad discretion when it comes to consolidation or severance. *Edwards v. Addison Fire Protection Dist. Firefighters Pension Fund*, 2013 IL App (2d) 121262, ¶ 41. Due to the diverging nature of the claims with little factual and legal overlap between them, the Court in its discretion finds it appropriate to sever one of the Complaints.

The question the Court is left with is which Complaint does it sever? HAAAYY argues its constitutional claim stems back to the original filing of the joint Complaint in this action on September 8, 2020. (*Id.* p. 7.) WAH Group instead challenges the scoring processes of the lotteries and the number of entries it received. Two separate cases under one case number becomes further complicated by another issue: the Administrative Review Law jurisdictional requirement. If the final administrative decision was issued in September 2021, then no jurisdiction existed under the Administrative Review Law before the final decision on September 3, 2021. The Court must reiterate it is not making any determination on when jurisdiction ultimately attached in this matter; however, the Court would be remiss if it did not consider potential jurisdictional issues in determining which Complaint to sever.

HAAAYY's Complaint, as well as its Opposition to sending the cases to Calendar 6, The Honorable Celia Gamrath, are helpful in guiding the Court's determination as HAAAYY appears

---

[3] The Court acknowledges the Illinois Supreme Court's October 18, 2021 Order includes *WAH Group, LLC d/b/a Leafing Life Dispensary and HAAAYY, LLC v. Illinois Dep't of Fin. & Prof'l Regul.*, 2020-CH-05759. While at first blush the two complaints assert claims in administrative review, for the following reasons elucidated below, these actions no longer depend on the same evidence or same law. None of these arguments were put before the Illinois Supreme Court in the Motion filed by Defendants under Illinois Supreme Court Rule 384, but the Court must address them considering the volume of cases with similar issues compared to WAH Group's divergent claims.

to concede a key point: when jurisdiction under the Administrative Review Act was conferred on the Circuit Court. (HAAAYY's Complaint, ¶¶ 43–45.) HAAAYY's Complaint states:

> On September 3, 2021, after conducting all three of the lotteries, the Department issued its final administrative decision announcing all applicants that were designated winners in the three lotteries and eligible to be awarded Adult-Use Licenses.

(*Id.* ¶ 43.) HAAAYY, LLC's Objection to State Defendants' Motion to Reassign Consolidated Cases as Related to Calendar 6, The Honorable Judge Celia Gamrath states:

> Consequently, on September 22, 2020 the creation of the Supplemental Deficiency Notice process by the Department nullified the September 3, 2020 final administrative decision. The Supplemental Deficiency Notice process recommenced the scoring of the adult-use dispensary applications and resumed the administrative proceedings for all applicants that were denied on September 22, 2020.
>
> . . . .
>
> On September 22, 2021, HAAAYY filed a separate amended Complaint challenging the Department's September 3, 2021 final administrative decision. The creation of the Supplemental Deficiency Notice process nullified the September 3, 2020 final administrative decision, therefore HAAAYY had to amend its Complaint to challenge the September 3, 2021 final administrative decision to continue its constitutional challenge to the requirement of majority veteran ownership for the Tied Applicant Lottery.

(HAAAYY, LLC's Objection to State Defendants' Motion to Reassign Consolidated Cases as Related to Calendar 6, The Honorable Judge Celia Gamrath, pp. 6–7.)

HAAAYY's pleadings appear to admit the final administrative decision occurred on September 3, 2021. It logically follows HAAAYY's current complaint for judicial review was not ripe until September 3, 2021, unlike WAH Group's claims for declaratory judgment and injunctive relief counts, which are not tied to the Administrative Review Act's jurisdictional component. Moreover, HAAAYY claims the alleged administrative decision issued in September 2020 was nullified, creating a possible lapse in jurisdiction for an administrative review claim between September 2020 and September 2021.

In order to avoid this jurisdictional quagmire and to solve the issue of severance, the Court believes it more prudent to sever HAAAYY's Complaint based on the jurisdictional component of HAAAYY's Administrative Review Act claim. WAH Group's Complaint will remain in the 2020-CH-5759 matter. Therefore, the Court severs HAAAYY, LLC's Verified Third Amended Complaint into a new chancery case number with the effective filing date of HAAAYY's Complaint as September 22, 2021, which is within thirty-five days of the September 3, 2021 decision.

In summary, all currently pending cases, except for WAH Group's Complaint, constitute a challenge under the Administrative Review Act with regard to the State Defendants' putative final administrative review decision of September 3, 2021. This conclusion takes into account the irrefutable fact HAAAYY withdrew any claim to any administrative action prior to September 3, 2021. Accordingly, the Court must examine which of the pending administrative review actions possesses the lowest numbered case. This exercise is significant because it provides an objective basis for the Court to determine consolidation of cases and attempts to eliminate any forum shopping. The Court's focus must hinge on the calendar number, not the judge assigned to any calendar. The lowest present case challenging the putative final administrative review decision of September 2021 is *High Haven Dispensary, LLC v. Illinois Dep't of Fin. & Prof'l Regul, et al.*, 2021-CH-03730 on Calendar 6. The Court will therefore consolidate all of the pending cases challenging the Department's September 3, 2021 putative final administrative order on Calendar 6, except WAH Group's Complaint, which will remain on Calendar 12 for the reasons stated above.

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The State Defendant's Motion to Consolidate is GRANTED. All of the above captioned matters, except for 2020-CH-5759, are consolidated into 2021-CH-03730, now pending on Calendar 6, The Honorable Celia Gamrath;

2. HAAAYY, LLC's Verified Third Amended Complaint shall be severed from 2020-CH-05759 by separate order with the new case number to be consolidated with the above captioned cases pending on Calendar 6

3. The hearing set for November 30, 2021 is STRICKEN; and

4. The 2020-CH-5759 case is set for a status hearing on <u>December 8, 2021</u> at 10:00 a.m. by Zoom (Meeting ID: 990 0014 8007 Password: 545631 Dial-In: (312) 626-6799).

ENTERED:

_____
Judge Moshe Jacobius    No. 1556

**ENTERED**
Judge Moshe Jacobius-1556
NOV 29 2021
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK