IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Juan Finch, Jr. and Mark Toigo, <br><br>   Plaintiffs, <br><br> v. <br><br>Mario Treto, Jr., in his official capacity as Acting Secretary of the Illinois Department of Financial and Professional Regulation, <br><br>   Defendant. | Case No. 22 CV 1508 <br><br>Judge Rebecca R. Pallmeyer <br><br>Magistrate Judge Susan E. Cox |

**UNOPPOSED MOTION TO TERMINATE MARCH 24, 2022
STIPULATION PERTAINING TO "2022" CANNABIS DISPENSARY LICENSES**

   The Illinois Department of Financial and Professional Regulation respectfully submits this unopposed motion to terminate the Stipulation entered March 24, 2022 (ECF 11), to the extent it prevents the Department from issuing cannabis dispensary licenses under section 15-35.20(c) of the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/15-35.20(c). There no longer is any basis for that restriction now that the Department has issued final rules for these licenses that do not require applicants to have any Illinois-based residency or criminal history. In support of this motion, the Department states:

   1.  In this action, Plaintiffs challenged, under the dormant Commerce Clause, the statutory provisions governing the issuance of licenses under sections 15-25, 15-30, 15-35, and 15-35.10 of the Illinois Cannabis Act (the "2021 licenses"), and the Department's then-pending draft rules for licenses authorized under section 15-35.20(c) of the Act (the "2022 licenses"). ECF 1.

   2.  Plaintiffs moved for a temporary restraining order and preliminary injunction. ECF 6. On March 24, 2022, the Court entered a briefing schedule on Plaintiffs' motion and

recorded the Department's Stipulation not to issue adult-use cannabis dispensary licenses pending further court orders. ECF 11.

3. On June 8, 2022, the Court entered an opinion and order denying Plaintiff's motion for temporary restraining order and preliminary injunction. ECF 29. With respect to the 2022 licenses, the Court ruled that Plaintiffs' dormant Commerce Clause challenge was not ripe because the administrative rules governing the application process for those licenses were not yet finalized. *Id*. at 41–44. Based on its ruling, the Court held that the Department "is now free to issue the 2021 licenses, but must continue to abide by its stipulation with respect to the 2022 licenses." *Id*. at 44; *see also* ECF 28.

4. Plaintiffs took an appeal from the Court's ruling on their motion for a preliminary injunction, which is now under advisement. During this appeal, the parties agreed to stay further proceedings in this Court, subject to an exception allowing the Department's "to move for termination of the prior stipulation with respect to the 2022 licenses." ECF 39. The Department now seeks termination of that provision of the March 24, 2022 Stipulation.

5. On December 13, 2022, the Department issued final rules pertaining to the 2022 licenses. 46 Ill. Reg. 20783; 68 Ill. Admin. Code §§ 1291.400, 405, 410, 420, and 440. These rules describe how applicants can demonstrate their eligibility to receive these licenses without requiring any Illinois residency or an Illinois criminal record, *see* 68 Ill. Admin. Code § 1291.410. With these rules in place, the Department has announced a process to issue 55 conditional dispensary licenses as authorized by section 15-35.20(c) of the Act, 410 ILCS 705/15-35.20(c).[1] The

---

[1] *See* December 21, 2022 announced timeline for next cannabis dispensary license lottery, available at https://idfpr.illinois.gov/News/2022/2022%2012%2021%20Next%20cannabis%20dispensary%20lottery%20press%20release.pdf.

application period for those licenses is currently open until April 21, 2022.[2]

6. Given that the new administrative rules allow applicants to obtain conditional dispensary licenses without needing to satisfy the Illinois-based criteria that Plaintiffs claim violate the dormant Commerce Clause, the Department respectfully submits that the provision of its March 24, 2022 Stipulation that continues to restrict its issuance of the 2022 licenses is no longer needed and should be terminated.

7. On March 23, 2023, Plaintiffs' counsel confirmed they do not oppose this motion.

WHEREFORE, the Department respectfully moves for entry of an order terminating its March 24, 2022 Stipulation to the extent that it prevents the Department from issuing the 2022 licenses pursuant to section 15-35.20(c) of the Illinois Cannabis Act.

Dated: March 23, 2023

R. Douglas Rees
Richard S. Huszagh
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
*richard.rees@ilag.gov*
*richard.huszagh@ilag.gov*

KWAME RAOUL
Attorney General of Illinois

By: */s/ Richard S. Huszagh*

---

[2] March 10, 2023 release announcing extension of application deadline for Social Equity Criteria Lottery, available at https://idfpr.illinois.gov/Forms/AUC/SECL%20deadline%20extension%20announcement.pdf